PAE AO 241
(Rev. 05/2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### Petition for Relief from a Conviction or Sentence
### By a Person in State Custody
### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

## INSTRUCTIONS

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from conviction of the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, see Federal Rules of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, see United States v. Thomas, 221 F. 3d 430 (3d Cir. 2000)).

4. Make sure the form is typed or neatly written.

5. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

6. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or argument, you must submit them in a separate memorandum.

7. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out an Application to Proceed in District Court without Prepaying Fees or Costs. **Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.**

8.     In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

9.     As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.

10.    As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.

11.    As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

   (A)    the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

   (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

   Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

12.    When you have completed this form, send the original and **these instructions** to the Clerk of the United States District Court at this address:

   **Clerk
   United States District Court
   for the Eastern District of Pennsylvania
   601 Market Street, Room 2609
   Philadelphia, PA 19106**

PAE AO 241
(Rev. 05/2018

13.    **CAUTION**: **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge and you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

14.    **CAPITAL CASES**: **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

PAE AO 241
(Rev. 05/2018)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District:  Eastern District of Pennsylvania |
|---|---|
| **Name (under which you were convicted):** Tyree Musier | **Docket or Case No.:** |
| **Place of Confinement:** SCI Fayette | **Prisoner No.:** KM 6761 |

| **Petitioner** (Include the name under which you were convicted): Tyree Musier | **Respondent** (Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner): Superintendent, Tina Walker |
|---|---|
| | and |
| v. | The District Attorney of the County of: Philadelphia |
| | and |
| | The Attorney General of the State of: PA |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Pleas of Philadelphia County

    (b) Criminal docket or case number (if you know): CP 51 CR 0015455 - 2008

2.  (a) Date of judgment of conviction (if you know): April 25, 2012

    (b) Date of sentencing: April 25, 2012

3.  Length of sentence: Life imprisonment

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    First-degree murder, carrying an unlicensed firearm,
    Carrying a firearm on the streets of Philadelphia
    Possessing an instrument of crime

PAE AO 241
(Rev. 05/2018

6.     (a)  What was your plea? (Check one)

        ☑ (1)   Not Guilty              ☐ (3)   Nolo contendere (no contest)

        ☐ (2)   Guilty                 ☐ (4)   Insanity plea

    (b)  If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

                                          N/A

    (c)  If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury          ☐ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes          ☑ No

8.     Did you appeal from the judgment of conviction?

        ☑ Yes          ☐ No

9.     If you did appeal, answer the following:

    (a)  Name of court: _Superior Court of PA_

    (b)  Docket or case number (if you know): _2575 EDA 2012_

    (c)  Result: _Judgment & sentence affirmed_

    (d)  Date of result (if you know): _August 14, 2014_

    (e)  Citation to the case (if you know): _____

    (f)  Grounds raised: _(1) evidence insufficient to sustain the convictions (2) conviction was against the weight of the evidence (3) Commonwealth committed a discovery violation that caused a mistrial_

    (g)  Did you seek further review by a higher state court?

        ☑ Yes          ☐ No

PAE AO 241
(Rev. 05/2018)

Page 6

If yes, answer the following:

(1) Name of court: _Supreme Court of PA_

(2) Docket or case number (if you know): _421 EAL 2014_

(3) Result: _Discretionary review denied_

(4) Date of result (if you know): _April 1, 2015_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _See response to #9(F)_

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____ N/A

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(i) Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes     ☐ No

10. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Court of Common Pleas of Philadelphia County_

(2) Docket or case number (if you know): _CP 51 CR 0015455-2008_

(3) Date of filing (if you know): _April 21, 2015_

(4) Nature of the proceeding: _PCRA petition_

(5) Grounds raised: _(1) trial counsel was ineffective for "opening the door" to allowing in evidence that Commonwealth witness was threatened. (2) trial counsel was ineffective for failing to object to prosecutor's closing argument (3) trial counsel was ineffective for failing to object to the court's instructions on third degree murder and prior statements (4) all prior counsel were ineffective for failing to preserve the court's error in denying a mistrial._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☑ No

(7) Result: _PCRA petition dismissed_____

(8) Date of result (if you know): _February 25, 2021_____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result: _____N/A_____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____N/A_____

_____

_____

_____

_____

PAE AO 241
(Rev. 05/2018

(6)  Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7)  Result: _____ N/A _____

(8)  Date of result (if you know): _____

(d)  Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion:

(1)  First petition:          ☐   Yes          ☑   No

(2)  Second petition:      ☐   Yes          ☐   No

(3)  Third petition:         ☐   Yes          ☐   No

(e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not:

My lawyer decided on his own to not pursue discretionary relief before the PA Supreme Court.

11.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** The Commonwealth failed to disclose the true nature of the benefits it gave Commonwealth witness Terrell Lewis

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Witness Terrell Lewis had one or more open cases at the time he cooperated against me. He received benefits on or more of those which the Commonwealth failed to disclose. The Commonwealth continues to hide this evidence.

(b) If you did not exhaust your state remedies on Ground One, explain why: _All prior counsel failed to preserve this claim even though I directed them to investigate and raise this._

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes    ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: _I tried but my lawyer refused to take this claim seriously._

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _Pro se PCRA petition, but counsel failed to raise it._

        Name and location of the court where the motion or petition was filed: _____

        Docket or case number (if you know): _See response to #10 (a) (1 through 8)_

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        ☐ Yes    ☑ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: _N/A_

        Docket or case number (if you know): _____

        Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
     issue: _ICRA counsel failed to include this claim in the_
     _amended ICRA petition he filed._

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
     etc.) that you have used to exhaust your state remedies on Ground One: _____

     _____ — N/A — _____

**GROUND TWO:** _Trial counsel was ineffective in "opening the door" to allowing in_
_evidence that a Commonwealth witness was threatened._

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
     _The trial court excluded any evidence of threats to witness Latasha Austin._
     _Yet, trial counsel negligently "opened the door" to this precise information_
     _by the foolish way he cross-examined the witness._

_____

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Two, explain why: _____

     _____ _ N/A _ _____

     _____

     _____

(c)  **Direct Appeal of Ground Two:**

     (1)  If you appealed from the judgment of conviction, did you raise this issue?

          ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

*State law forbids such claims on direct appeal.*

_____

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐        No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ *See response to #10 (a)(1 ter of 8)*

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

---

(3) Did you receive a hearing on your motion or petition?        ☐  Yes        ☑  No

(4) Did you appeal from the denial of your motion or petition?        ☑  Yes        ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

*Superior Court of PA*

Docket or case number (if you know): _____ *617 EDA 2021*

Date of the court's decision: _____ *August 9, 2022*

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

*N/A*

_____

_____

_____

PAE AO 241
(Rev. 07/10)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_N/A_

**GROUND THREE:** Trial counsel was ineffective in failing to object to the prosecutor's misconduct in closing argument.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial prosecutor improperly connected me to the evidence & threats and intimidation when no such evidence was introduced into the record.

(b) If you did not exhaust your state remedies on Ground Three, explain why: My initial PCRA counsel preserved the claim but my attorney on PCRA appeal ineffectively failed to preserve it.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes          ☑ No

(2) If you did not raise this issue in your direct appeal, explain why? _____

State law forbids such claims on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: See response to #10 (a) (1 through 8)

PAE AO 241
(Rev. 07/10)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____ *See previous respond* _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____ My PCRA appeals lawyer ineffectively failed to raise it,

abandoning the claim. _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,

etc.) that you have used to exhaust your state remedies on Ground Three: _____

*N/A* _____

**GROUND FOUR:** Trial counsel was ineffective in failing to object to the

court's instruction on third-degree murder.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The court's instruction on third-degree murder was erroneous, relieving

the Commonwealth of its burden of proof.

_____

_____

_____

_____

(b)  If you did not exhaust your state remedies on Ground Four, explain why: _____

*See response to Ground Three (b)*

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes    ☑ No

(2)  If you did not raise this issue in your direct appeal, explain why? _____

*See response to Ground Three (c)*

_____

(d)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

*See response to #10 (a)(1-thru 8)*

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3)  Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4)  Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☐ Yes        ☑ No

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____ *See response to # Ground Three (7)* _____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies,
etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____ *N/A* _____

_____

_____

12.      Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?

☐ Yes        ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____ *See previous responses.* _____

_____

_____

PAE AO 241
(Rev. 07/10)

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_See previous responses._

13.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

N/A

14.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?

☐ Yes        ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

N/A

15.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _Gerald Stein, 1500 Market St. #2727 Phila. PA 19102_

(b)  At arraignment and plea: _unknown_

PAE AO 241
(Rev. 07/10)

(c) At trial: _Daniel Alva, now-deceased_

(d) At sentencing: _Daniel Alva_

(e) On appeal: _Mitchell Struttin_
_200 Two Penn Center, Phila. PA 19102_

(f) In any post-conviction proceeding: _Coley Reynolds, 121 S. Broad St._
_Phila. PA 19107_

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_George Yacoubian, 1515 Market St, Ste 1200, Phila PA 19102_

16.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

☐ Yes        ☑ No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: _N/A_

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes        ☑ No

17.   **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition*

_Judgment & sentence became final on July 1, 2015, 90 days after discretionary review was denied. The federal statute was tolled during the pendency of my properly filed PCRA petition, filed well before judgment & sentence became final. I have 1 full year to file from 8/9/22, when PCRA proceedings were completed. I am filing before then._

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *appointment & counsel to file an amended petition, an evidentiary hearing, final habeas corpus relief.*

or any other relief to which petitioner may be entitled.

_____
*Signature of Attorney (if any)*

PAE AO 241
(Rev. 07/10)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____.

*(month, date, year)*

Executed (signed) on_____(date).

_____

*Signature of Petitioner*

If the person signing is not the petitioner, state the relationship to petitioner and explain why petitioner is not signing this petition.

Petitioner has arranged to have a third party file this in person.

/s/ Tyree Mosier, July 7, 2023.

JS 44 (Rev. 10/20)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
TYREE MUSIER

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
TINA WALKER, Superintendent

County of Residence of First Listed Defendant   Fayette
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   Katherine Ernst Esq.
Philadelphia DA's office

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Pharmaceutical Slander   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability [ ] 368 Asbestos Personal [ ] 340 Marine   Injury Product [ ] 345 Marine Product   Liability | | [ ] 835 Patent - Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability **PERSONAL PROPERTY** [ ] 350 Motor Vehicle [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle [ ] 371 Truth in Lending   Product Liability | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal [ ] 380 Other Personal   Injury   Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - [ ] 385 Property Damage   Medical Malpractice   Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence Accommodations [x] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| [ ] 290 All Other Real Property | Employment **Other:** [ ] 446 Amer. w/Disabilities - [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | Other [ ] 550 Civil Rights [ ] 448 Education [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2254
Brief description of cause:   Habeas corpus petition under § 2254

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   July 10, 2023
SIGNATURE OF ATTORNEY OF RECORD

REC'D JUL 10

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

5/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _SCI Fayette, No. KM6761, 48 Overlook Dr. LaBelle, PA 15450_

Address of Defendant: _SCI Fayette, 48 Overlook Dr. LaBelle, PA 15450_

Place of Accident, Incident or Transaction: _Philadelphia_

---

***RELATED CASE IF ANY:***

Case Number: _____  Judge: _____  Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____   _____

*Attorney-at-Law* *(Must sign above)*           *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☑ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _Tyree Husier_ , ~~counsel of record or~~ (pro se plaintiff,) do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _July 10, 2023_   _____   _____

*Attorney-at-Law* *(Sign here if applicable)*           *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.