IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE MUSIER | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINA WALKER, et al., | : | No. 23-2677 |
| Respondents. | : | |

## MOTION FOR APPOINTMENT OF COUNSEL AND TO STAY BRIEFING SCHEDULE

Respondents respectfully join in requesting the appointment of federal habeas corpus counsel for Petitioner Tyree Musier pursuant to 18 U.S.C. § 3006A(a)(2)(B) and request that their current briefing obligation be stayed. In support of this motion, Respondents state:

1. Musier is a Pennsylvania state prisoner currently serving a life sentence for first-degree murder and gun possession charges (ECF No. 1 at 4).

2. In July of 2023, Musier filed a petition for a writ of habeas corpus in this Court that alleges the Commonwealth's failure to disclose evidence at trial and multiple claims of ineffective assistance of counsel (ECF No. 1 at 8-13). In his petition, Musier also requested that counsel be appointed (ECF No. 1 at 18).

3. At trial, defense counsel primarily presented the theory that the real shooter was a man named Jonte Slater. Slater and Musier had been apprehended together in University City fleeing the scene of the crime in a car. However, Slater's murder charges were dismissed after a preliminary hearing, and a few months later, Slater was killed.

4. Musier's conviction relied on two eyewitnesses who had initially identified Musier as the shooter on-site, but both recanted their identifications of Musier at trial. One, a 15-year-old at the time of the shooting, testified that Slater was the real shooter, but she was previously afraid of identifying him because Slater lived only a few blocks away from her.

5. While investigating this matter in preparation to respond to Musier's habeas petition, the Commonwealth has uncovered a pre-trial memorandum between prosecutors which suggests there may be additional evidence that may not have been disclosed. Specifically, the memorandum states that a witness interviewed during the investigation into Slater's death told the Commonwealth that they had information Slater committed the murder near Penn and was letting Musier "take the fall."

6. The Commonwealth has not yet found any indication that this information was passed to Musier's trial or PCRA counsel.

7. The assertions of this memorandum suggest that further research into the Commonwealth's files by the defense may be necessary to assess and develop Musier's claims for relief, and for the Commonwealth to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, discovery contained in one or more homicide files may need to be passed in the future.

8. While Respondents at this time take no position on whether Musier is entitled to relief, Respondents conclude that the interests of justice warrant the appointment of federal habeas counsel under 18 U.S.C. § 3006A(a)(2)(B). Specifically, counsel will be able to assist Musier with receiving and understanding disclosures from Respondents relating to material that may have previously been undisclosed, determining the extent to

which any lack of disclosure violated his constitutional rights, and conducting discovery consistent with the open-file discovery policy of the District Attorney's Office. *See Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991) (when appointing counsel, a court may consider "the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims") (citation omitted).

9. Under the current briefing schedule, Respondents' response to Musier's habeas petition is due December 18, 2023.

10. For the foregoing reasons, Respondents respectfully join Musier's request that this Court appoint Musier federal habeas counsel.

11. In addition, to conserve party resources and ensure judicial efficiency, Respondents also request that this Court stay their current obligation to file a response to Musier's petition. Respondents propose that, if counsel is appointed, the parties file a joint status report within 45 days to update the Court and propose further appropriate steps.

                              Respectfully submitted,

                              */s/ Zachary A. Green*
                              ZACHARY A. GREEN
                              Assistant District Attorney
                              Federal Litigation Unit
                              Philadelphia District Attorney's Office
                              Three South Penn Square
                              Philadelphia, PA 19107
                              Email: zachary.green@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE MUSIER | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINA WALKER, et al., | : | No. 23-2677 |
| Respondents. | : | |

**ORDER**

AND NOW, on this _____ day of _____, 2023, after consideration of Respondents' Motion to Appoint Petitioner Counsel and to Stay the Briefing Schedule, and any Response thereto, it is hereby ORDERED and DECREED that

    1. Petitioner Tyree Musier is appointed federal habeas counsel;

    2. Respondents' briefing obligation is stayed; and

    3. The parties shall file a joint status report within 45 days.

BY THE COURT:

_____

The Hon. Craig M. Straw, U.S.M.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE MUSIER | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINA WALKER, et al., | : | No. 23-2677 |
| Respondents. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, 2023, a copy of the foregoing response and motion was placed in the United States Mail for service upon Petitioner at the following address[1]:

SMART COMMUNICATIONS/PA DOC
TYREE MUSIER (KM-6761)
SCI – FAYETTE
PO BOX 33028
ST PETERSBURG, FL  33733

/s/ *Zachary A. Green*
Zachary A. Green
Assistant District Attorney

---

[1] The respondents are required by Pennsylvania Department of Corrections policy to mail this to the petitioner using the Smart Communications address. The applicable policy provides, "all incoming inmate mail (other than privileged) must be sent to the Department's contracted incoming inmate mail processor," which is Smart Communications. *See* Pa. DOC, DC-ADM 803, § 1(C)(1). Respondents' legal filings are not "privileged," because counsel for the respondents do not represent the petitioner or have any other relationship with the petitioner that would make their communications privileged. Therefore, the respondents are prohibited by the DOC's policy from mailing documents directly to the petitioner at the address of the prison where the petitioner is in custody.