IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYYREE MUSIER,  : Civil Action No. 23-2677
Petitioner :
:
vs. :
:
TINA WALKER, *et al.*, :
Respondents :

### ORDER

**AND NOW**, this _____ day of _____, 2024, **it is hereby ORDERED** that Petitioner's Motion to Amend Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus By a Person in State Custody is **GRANTED**.

_____
**HONORABLE CRAIG M. STRAW**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE MUSIER,<br>Petitioner | Civil Action No. 23-2677 |
| vs. | |
| TINA WALKER,<br>Respondents | |

**PETITIONER'S MOTION TO AMEND PETITION UNDER
28 U.S.C. SECTION 2254 FOR WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), **NOW COMES** Petitioner Tyree Musier, by his attorney, Thomas A. Dreyer, Esquire, and moves the Court for leave to amend his *pro se* Petition Under 28 U.S.C. Section 2254 for Writ of Habeas Corpus by a Person in State Custody ("Section 2254 Petition") and, in support thereof, makes the followings averments:

1. On June 22, 2008, Petitioner and Co-Defendant Jonte Slater were arrested for the murder of Nathaniel Crawford and charged with Murder of the First Degree and related offenses in the Court of Common Pleas of Philadelphia County, Pennsylvania at No. CP-51-CR-0015455-2008 ("Trial Court").

2. The murder charges against Mr. Slater were subsequently dismissed at his preliminary hearing and, on November 5, 2009, he himself was murdered in Philadelphia, Pennsylvania.

3. On April 25, 2012, a jury found Petitioner guilty of Murder of the First Degree and related offenses and the Trial Court sentenced him to the following terms of

imprisonment:

  A. Murder of the First Degree – life imprisonment without parole

  B. Firearms Not to be Carried Without a License – 3.5 to 7 years – concurrent with A.

  C. Carrying a Firearm on the Streets of Philadelphia – 1 to 2 years – concurrent with A. and B.

  D. Possessing Instruments of Crime – 1 to 2 years – concurrent with A., B. and C.

4. Petitioner subsequently pursued a direct appeal to the Pennsylvania Superior Court without success.

5. The Pennsylvania Supreme Court subsequently denied Petitioner's Petition for Allowance of Appeal.

6. Petitioner subsequently filed a Post-Conviction Relief Act Petition ("PCRA Petition").

7. The Trial Court subsequently dismissed the PCRA Petition.

8. On August 9, 2022, the Pennsylvania Superior Court affirmed the Order of the Trial Court dismissing the PCRA Petition.

9. On July 10, 2023, Defendant filed the Section 2254 Petition in a timely manner. He raised the following grounds for relief:

  A. The Commonwealth failed to disclose the true nature of the benefits which it gave to one of its witnesses, Terrell Lewis.

  B. Trial counsel rendered ineffective assistance of counsel by opening the door to allow the Commonwealth to introduce evidence that one of its witnesses had been threatened.

  C. Trial counsel rendered ineffective assistance of counsel by failing to object to the prosecutor's misconduct in his closing argument.

D. Trial Counsel rendered ineffective assistance of counsel by failing to object to the jury instruction on Murder of the Third Degree which was given by the Trial Court. ECF No. 1)

10. On November 17, 2023, the Commonwealth filed a Motion for Appointment of Counsel and to Stay Briefing Schedule in which it averred that Zachary A. Green, Esquire, the Assistant District Attorney assigned to this case, had uncovered a pre-trial memorandum between prosecutors which suggested that there may be additional evidence that was not disclosed to Petitioner's trial counsel and PCRA counsel; that this memo stated that a witness who was interviewed during the investigation told police that he/she had information that Mr. Slater committed the murder of Mr. Crawford and that he was letting Petitioner "take the fall"; and that counsel should be appointed for counsel to aid him in developing a claim for relief pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 8)

11. On November 20, 2023, the Court granted the Commonwealth's Motion for Appointment of Counsel and to Stay Briefing Scheduled and appointed Mr. Dreyer to represent Petitioner. (ECF No. 9)

12. On November 11, 2023, Mr. Dreyer executed a Discovery Agreement with the Commonwealth.

13. Mr. Dreyer subsequently was given access to and received numerous documents from the Commonwealth, including the state court record, the trial transcripts, the District Attorney's File ("DAO File") in Petitioner's case and the Homicide File in the Nathaniel Crawford murder case ("Crawford H-File").

14. On March 7, 2024, Mr. Dreyer received from the Commonwealth the Homicide File in the Jonte Slater murder case ("Slater H-File").

15. The Slater H-File contained documents which identified at least three people who must be interviewed in order to develop Petitioner's *Brady* claim: one document stated Mr. Slater was the shooter and another document stated that there was a rumor that Mr. Slater paid someone to testify against Petitioner and that everyone thought that Mr. Slater did the murder.

16. Petitioner hereby moves to amend the Section 2254 Petition to add the following issues:

    A. The Commonwealth failed to disclose several pieces of evidence contained in the Slater H-File related to the police investigation of the murder of Jonte Slater that supported Petitioner's trial defense and whose suppression prejudiced him.

    B. Any and all additional claims which arise out of the full investigation of all aspects of the Slater H-File.

17. The instant motion should be granted by the Court because the first proposed amendment outlined in the preceding paragraph states a colorable claim that Petitioner's constitutional right to due process of law at trial was violated by the Commonwealth's failure to disclose the existence of three potential witnesses which could have testified at his trial that Mr. Slater murdered Mr. Crawford and that he had nothing to do with this crime.

18. The instant motion should be granted by the Court in accordance with Federal Rule of Civil Procedure 15(a)(2) which provides:

> In all other cases (such as the instant case), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

This rule allows for liberal amendment of pleadings and the decision whether such leave should

be granted is left to the sound discretion of the court. *Langbord v. United States Department of Treasury*, 832 F.3d 170, 188 (3d Cir.2016). This liberal amendment regime helps to effectuate the general policy of the federal civil rules favoring resolution of cases on their merits. *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir.2017).

19. The instant motion should be granted by the Court because it raises the *Brady* claim in a timely manner in accordance with 28 U.S.C. Section 2244(d)(1)(D); Petitioner filed the instant motion raising this claim well within the one-year statute of limitations period beginning on the date on which the factual predicate of this claim could have been discovered through the exercise of due diligence. First, this one-year period began on March 7, 2024 when Mr. Dreyer received the Slater H-File from the Commonwealth. Second, he filed the instant motion only two months later on May 6, 2024. Third, because he had no way to obtain and review the Slater H-File prior to trial in April 2012, he was unable to discover the factual predicate on this claim through the exercise of due diligence.

20. Contemporaneously with the filing of the instant motion, Petitioner is filing a Motion to Hold the Federal Habeas Corpus Proceedings in Abeyance to Permit Exhaustion of New Grounds for Relief in the Pennsylvania State Courts.

21. Petitioner is currently in state custody at a Pennsylvania State Correctional Institution.

22. Respondents consent to Petitioner's amendment request. See the true and correct copy of their Consent to Amendment which is attached hereto and incorporated by reference herein as Exhibit "A".

**WHEREFORE**, Defendant requests that the Court grant the instant motion.

/s/ **Thomas A. Dreyer**
Thomas A. Dreyer, Esquire
30 Running Brook Road
Glen Mills, PA 19342
610-742-7883
Attorney for Petitioner Tyree Musier

Dated: May 6, 2024

# CONSENT TO AMENDMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Zachary A. Green, Esquire, attorney for Respondents Tina Walker, *et al.*, hereby consents to Petitioner Tyree Musier's proposed amendment to his *pro se* Petition Under 28 U.S.C. Section 2254 for a Writ of Habeas Corpus by a Person in State Custody. Respondents take no position as to Petitioner's entitlement to relief and reserve all procedural defenses.

/s/ *Zachary A. Green* /s/
Zachary A. Green, Esquire

Dated: \_May 6, 2024\_

EXHIBIT "A"

# **CERTIFICATE OF SERVICE**

Thomas A. Dreyer, Esquire hereby certifies that he served a true and correct Copy of the within Petitioner Tyree Musier's Motion to Amend Petition Under 28 U.S.C. Section 2254 For Writ of Habeas Corpus By a Person in State Custody upon the person named below on the date listed below by the Electronic Court Filing ("ECF") System:

>Zachary A. Green, Esquire
>Assistant District Attorney
>Federal Litigation Unit
>Philadelphia District Attorney's Office
>Three South Penn Square
>Philadelphia, PA  19107

>/s/ **Thomas A. Dreyer**

Dated:   May 6, 2024